IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:06CR101-MHT |
| | ) | |
| MATTHEW OKONKWO | ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 17, 2006. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case. As explained below there is a serious risk the defendant will not appear as required.

I find that the credible testimony and information including the Pretrial Services Report establishes by a preponderance of the that the defendant is not a citizen of the United States. He originally came to this country on a student visa in the 1980s and stayed well beyond the limits of that visa. Indeed, an order of deportation was issued for him sometime in the late 1980s. Were the court to release him, the evidence shows that immigration authorities would place him in custody pursuant to a detainer and commence deportation proceedings which according to the testimony could result in his deportation within 60 to 90 days, thereby effectively insuring that the defendant would not appear to answer the criminal charges against him. Under these circumstances, the government has met its burden to show that absent detention there is a serious risk the defendant will not appear for trial.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 18th day of April, 2006.

       /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE

.