# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06CR101-MHT |
| | ) | |
| MATTHEW OKONKWO | ) | |
| | ) | |
| | ) | |

## United States' Proposed Jury Instructions

The United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama requests that the following Proposed Jury Instructions be given to the jury in the above case. The United States, however, respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 17th day of October, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 1:06CR101-MHT** |
| | ) | |
| **MATTHEW OKONKWO** | ) | |
| | ) | |
| | ) | |

## Certificate of Service

I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to  to Ben E. Bruner, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov

# Government's Requested Jury Instruction No. 1

«Introduction»

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.[1]

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1 (Face Page, Introduction).

# Government's Requested Jury Instruction No. 2

«DUTY TO FOLLOW INSTRUCTIONS»

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.[2]

---

[2] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1 (Duty to Follow Instructions).

## Government's Requested Jury Instruction No. 3

« PRESUMPTION OF INNOCENCE»

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.[3]

---

[3] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 2.1 (Presumption of Innocence).

# Government's Requested Jury Instruction No. 4

«Definition of Reasonable Doubt»

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.[4]

---

[4] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 3 (Definition of Reasonable Doubt).

# Government's Requested Jury Instruction No. 5

«Consideration of the Evidence:
Argument of Counsel, Comments by the Court»

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.[5]

---

[5] 11th  Cir. Pat. Instr., Basic Instr. Crim. No. 4.2 (Consideration of the Evidence: Argument of Counsel, Comments by the Court).

## Government's Requested Jury Instruction No. 6

«Consideration of the Evidence:
Direct and Circumstantial»

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[6]

---

[6]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 4.2 (Consideration of the Evidence: Direct and Circumstantial).

# Government's Requested Jury Instruction No. 7

«CREDIBILITY OF WITNESSES»

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?[7]

---

[7] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 5 (Credibility of Witnesses).

# Government's Requested Jury Instruction No. 8

«Impeachment – Inconsistent Statement»

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[8]

---

[8]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 6.1 (Impeachment – Inconsistent Statement).

# Government's Requested Jury Instruction No. 9

«Introduction to Offense Instructions»

At this time I will explain the indictment that charges twelve separate offenses called "counts" against Defendant Matthew Okonkwo. I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.[9]

In summary, the indictment charges in Count 1 that Mr. Okonkwo conspired with Jonathan Adewunmi: to defraud the United States by presenting false claims for tax refunds to the Internal Revenue Service. Counts 2 through 12 charge Mr. Okonkwo with aiding and assisting in the preparation and presentation to the IRS of 11 separate false claims for tax refunds.

---

[9] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 8, ¶1. (Introduction to Offenses).

## Government's Requested Jury Instruction 10

Title 18, United States Code, Section 371, makes it a Federal crime or offense for anyone to conspire or agree with someone else to defraud the United States or any of its agencies. To "defraud" the United States means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery.

A "conspiracy" is simply an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme; *or* that those who *were* members had entered into any formal type of agreement; or that the members had planned together *all* of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

*First*: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

*Second*: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

*Fourth*: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.[10]

---

[10] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 13.6 (conspiracy to defraud United States).

# Government's Requested Jury Instruction No. 11

Title 26, United States Code, Section 7206(2), makes it a Federal crime or offense for anyone to willfully aid or assist in the preparation and filing of a Federal income tax return knowing it to be false or fraudulent in some material way.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant aided or assisted in the preparation and filing of an income tax return which was false in a material way as charged in the indictment; and

*Second*: That the Defendant did so knowingly and willfully.

A declaration is "false" if it was untrue when made and was then known to be untrue by the person making it. A declaration contained within a document is "false" if it was untrue when the document was used and was then known to be untrue by the person using it.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. It is not necessary, however, that the Government be deprived of any tax by reason of the filing of the false return, or that it be shown that additional tax is due, only that the Defendant willfully aided and abetted the filing of a materially false return.[11]

---

[11] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 95 (Aiding And Abetting Filing False Return).

# Government's Requested Jury Instruction No. 12

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.[12]

---

[12] 11th Cir. Pat. Instr. Crim., Special Instr. No. 7 (Aiding And Abetting).

# Government's Requested Jury Instruction No. 13

In some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Counts 2 through 12 are concerned, if you have first found Mr. Okonkwo guilty of the conspiracy offense as charged in Count 1 of the indictment, you may also find Mr. Okonkwo guilty of any of the offenses charged in Counts 2 through 12, even though such Defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

First:  That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

Second: That the Defendant under consideration was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

Third:  That the commission of such offense by a co-conspirator was a reasonably foreseeable consequence of the conspiracy.[13]

---

[13] 11th  Cir. Pat. Instr. Crim., Offense Instr. No. 13.5 (Pinkerton Instruction).

## Government's Requested Jury Instruction No. 14

«KNOWINGLY; WILLFULLY»

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.[14]

---

[14] 11th  Cir. Pat. Instr. Crim. No.  9.1 (Knowingly; Willfully); *see also United States v. Cook*, 586 F.2d 572, 574–75 (5th Cir. 1978).

# Government's Requested Jury Instruction No. 15

«DELIBERATE IGNORANCE (AS PROOF OF KNOWLEDGE)»

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if Mr. Okonkwo is aware of a high probability of its existence, unless Mr. Okonkwo actually believes that it does not exist.

So, with respect to the issue of Mr. Okonkwo's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that Mr. Okonkwo believed that he prepared a fraudulent or fictitious return, and deliberately and consciously tried to avoid learning that there was the return was fraudulent or fictitious, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that Mr. Okonkwo acted "knowingly" if you find beyond a reasonable doubt either: (1) that Mr. Okonkwo actually knew that the return he prepared was fraudulent or fictitious; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of Mr. Okonkwo cannot be established by merely demonstrating that Mr. Okonkwo was negligent, careless or foolish.[15]

---

[15]  11th  Cir. Pat. Instr. Crim., Special Instr. No. 8 (Deliberate Ignorance (As Proof of Knowledge)); *United States v. Hooshmand*, 931 F.2d 725 732-35 (11th Cir. 1991) (evidence demonstrating that the defendant should have known and understood claim procedures and terms, and still submitted fraudulent claims to private insurers was relevant to prove the defendant's intent to commit the crime); *United States v. Gold*, 743 F.2d 800, 822 (11th Cir. 1984) (approving of conscious avoidance instruction where entire defense rested on the argument that the defendants were "innocently oblivious to the endemic fraud that permeated their business").

# Government's Requested Jury Instruction No. 16

«Similar Acts Evidence (Rule 404(b), FRE)»

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of Mr. Okonkwo which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if Mr. Okonkwo committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that Mr. Okonkwo did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether Mr. Okonkwo had the knowledge or intent necessary to commit the crime charged in the indictment.  It may also be used to consider if his conduct was committed with an absence of mistake.[16]

---

[16]  11th  Cir. Pat. Instr. Crim., Special Instr. No. 4 (Similar Acts Evidence (Rule 404(b), FRE)).

# Government's Requested Jury Instruction No. 17

«Caution – Punishment, Single Defendant – Multiple Counts»

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted, the matter of punishment is for the Judge alone to determine later.[17]

---

[17] 11th  Cir. Pat. Instr. Crim., Basic No. 10.4 (Caution – Punishment, Single Defendant – Multiple Counts).

# Government's Requested Jury Instruction No. 18

«Duty to Deliberate»

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[18]

---

[18] 11th  Cir. Pat. Instr. Crim., Basic No. 11 (Duty to Deliberate).

# Government's Requested Jury Instruction No. 19

«Verdict»

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

[Explain verdict form]

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[19]

---

[19] 11th  Cir. Pat. Instr. Crim., Basic No. 12 (Verdict).