IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:06cr101-MHT |
| **MATTHEW OKONKWO** | ) | (WO) |
| | ) | |

<u>COURT'S INSTRUCTIONS
TO THE JURY</u>

**Members of the Jury:**

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment. You must make your decision only on the basis of the testimony and other evidence

presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the defendant or the government.  Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during your deliberations.  The government has the burden of

proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

When a defendant is placed on trial charged with the commission of a public offense, the law says that he is presumed to be innocent of the offense. A defendant enters this trial with a presumption of innocence in his favor, and it is a fact which is to be considered as evidence, and should not be disregarded. And this presumption of innocence remains with a defendant during the trial until overthrown by evidence which convinces you, the jury, of a defendant's guilt beyond a reasonable doubt.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers have said is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead

you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

5

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness testified, and that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer.  You must consider him or her as any other witness.  Under the laws of the United States, witnesses, including law enforcement officers, are the same.  Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

II.

The defendant in this case is Matthew Okonkwo. He is charged in a multiple-count indictment, which you will take to the jury room with you. The indictment contains 12 counts. Count 1 charges the defendant with conspiring to violate the laws of the United States. Counts 2-12 each charge the defendant with aiding and assisting in the preparation and presentation of fraudulent United States Individual Income Tax Returns, Forms 1040 and 1040A. I will now explain to you what the counts are in the indictment, and what the law says with respect to the offenses charged in each count.

Count One: Conspiracy to Defraud the United States

Count one of the indictment charges the defendant with violating Title 18, United States Code, Section 371.

This count of the indictment alleges, in relevant part,

> "That from at least as early as in or about January 2000 through at least as late as April 15, 2000, the exact dates being unknown to the grand jury, the defendant, Matthew Okonkwo, did conspire

>to defraud the United States and an agency thereof for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment, and collection of revenue, that is, income taxes. in violation of Title 18, United States Code, Section 371."

Title 18, United States Code, Section 371 makes it a separate federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another federal crime or offense.

Under this law, "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is <u>not</u> necessary for the government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that the members had entered into any formal type of agreement, <u>or</u> that those who <u>were</u> members had planned together <u>all</u> of the details of the scheme or the

9

"overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the government to prove that conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence <u>must</u> show beyond a reasonable doubt is:

> <u>First</u>:   That two or more persons in some way or manner, came to a mutual understanding to try to accomplish one or more of the common and unlawful plans charged in the indictment, that is aiding and assisting in the preparation and presentation of fraudulent Income Tax Returns; and
>
> <u>Second</u>:  That the defendant, knowing the unlawful purpose for the plan, willfully joined in it; and
>
> <u>Third</u>:   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

      <u>Fourth</u>:   That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though he did not participate before, and even though he played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and

interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

### Counts 2-12: Aiding and Assisting in the Preparation and Presentation of Fraudulent Income Tax Returns

[Counts 2-12 summarized]

Counts 2-12 of the indictment each charge the defendant with aiding and assisting in the preparation and presentation of fraudulent income tax returns, in violation of Title 26, United States Code, Section 7206(2).

These counts of the indictment allege, in relevant part,

> "[That] on or about January 24, 2000 and continuing up to on or about the 15th day of April, 2000, in the Middle District of Alabama, the defendant, Matthew Okonkwo, while aiding and abetting Jonathan Adewunmi, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the

>Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040 and 1040A for the calendar year 1999, for the taxpayers set forth [in the indictment], which were false and fraudulent as to material matters, in that they made the false representations set forth [in the indictment], which caused the IRS to pay refunds that the taxpayers either were not entitled to at all, or in an amount significantly in excess of the amount they were entitled to."

Title 26, United States Code, Section 7206(2), makes it a federal crime or offense for anyone to willfully aid or assist in the preparation and filing of a federal income tax return knowing it to be false or fraudulent in some material way.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

>First:  That the defendant aided or assisted in the preparation and filing of an income tax return which was false in a material way as charged in the indictment; and
>
>Second: That the defendant did so knowingly and willfully.

A declaration is "false" if it was untrue when made and was then known to be untrue by the person making it. A declaration contained within a document is "false" if it was untrue when the document was used and was then known to be untrue by the person using it.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. It is not necessary, however, that the government be deprived of any tax by reason of the filing of the false return, or that it be shown that additional tax is due, only that the defendant willfully aided and abetted the filing of a materially false return.

### III.

With regards to Counts 2-12, you are instructed as follows:

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything

a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the

defendant was a willful participant and not merely a knowing spectator.

In some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Counts 2 through 12 are concerned, if you have first found Mr. Okonkwo guilty of the conspiracy offense as charged in Count 1 of the indictment, you may also find him guilty of any of the offenses charged in Counts 2 through 12, even though he did not personally participate in such offense if you find, beyond a reasonable doubt:

<u>First</u>: That the offense charged in such count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

<u>Second</u>: That Mr. Okonkwo was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

16

> <u>Third</u>: That the commission of such offense by a co-conspirator was a reasonably foreseeable consequence of the conspiracy

## IV.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## V.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you

will have your foreperson fill in the verdict form, date and sign it, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.