IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06cr101-T |
| | ) | |
| MATTHEW OKONKWO | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO ALLOW THE DEFENDANT TO SUBMIT FORM I-485
TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to defendant's Motion to Allow the Defendant to Submit Form I-485 to Register Permanent Residence or Adjust Status as follows:

In his *pro se* motion, the defendant requests that the Court take certain action relating to his immigration status. The Court should deny the motion for two reasons:

1. The Court should not entertain *pro se* motions filed by represented defendants. The Government does not dispute that the Court has discretion to consider such a motion. However, the Court also has the discretion to strike such filings, and the Government submits that the interests of justice are best served by requiring a defendant's lawyer to determine whether or not a motion should be filed. *See United States v. Wright*, 154 Fed. Appx. 790, 795 (11th Cir. 2005) (unpublished) (district court properly struck motion filed *pro se* by defendant represented by counsel); *United States v. Hands*, 2005 WL 1614657, *1 (S.D. Ala. June 22, 2005) (striking motion filed *pro se* by represented defendant).

2. Even if the Court considers the motion, it lacks merit. Defendant apparently wants the Court to take some action that defendant believes will entitle him to permanent resident status.

However, this criminal case is not a proper forum for defendant to pursue the relief he seeks. *See United States v. Rojas*, 429 F.3d 1317 (11th Cir. 2005) (district court's criminal jurisdiction did not extend to civil dispute between bail bondsman and indemnitor); *see also United States v. Coloian*, 480 F.3d 47 (1st Cir. 2007) (district court that heard criminal case lacked ancillary jurisdiction to determine motion to expunge records).

The fact that the judgment of conviction provides for defendant to be remanded to the custody of immigration officials after he serves his sentence does not change this result. While the court hearing a criminal case may, as here, "order that a defendant be surrendered to the INS for deportation proceedings," the court may not (and this Court did not) "order a defendant deported." *United States v. Romeo*, 122 F.3d 941, 943-44 (11th Cir. 1997). Therefore, there would be no basis for this Court to consider the issues relating to Okonkwo's immigration status.

## CONCLUSION

For the reasons set forth above, the Government requests that the Court deny defendant's Motion to Allow the Defendant to Submit Form I-485 to Register Permanent Residence or Adjust Status.

Respectfully submitted this the 24th day of April, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06cr101-T |
| | ) | |
| MATTHEW OKONKWO | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Russell Duraski, Esq.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov