[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-10451
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00101-CR-T-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW OKONKWO,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(August 15, 2007)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Matthew Okonkwo appeals his conviction for one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and eleven counts of

aiding and abetting the filing of a false income tax return, in violation of 26 U.S.C. § 7206(2). Okonkwo argues on appeal that the trial evidence failed to support his convictions. As to the conspiracy to defraud count, he asserts that the evidence showed only that he and John Adewunmi, his alleged co-conspirator, worked at the same tax preparation business. As to the remaining counts, he argues that no evidence linked him to Adewunmi's preparation of fraudulent tax returns, and that Adewunmi was acting by himself. In support, he points out that only one of the people whose tax returns were at issue ever saw or met him and only one witness placed Okonkwo in the same room as Adewunmi. Finally, Okonkwo argues that the government failed to prove that he knowingly and willfully filed the fraudulent tax returns.

We review a challenge to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the prosecution. United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003); Jackson v. Virginia, 443 U.S. 307, 319 (1979). "The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." Hasson, 333 F.3d at 1270. "To prove knowing and voluntary participation, the government must prove beyond a

reasonable doubt that appellants had a specific intent to join the conspiracy," although a common purpose and plan may be inferred from the circumstances. United States v. Calderon, 127 F.3d 1314, 1326 (11th Cir. 1997), modified on other grounds by United States v. Toler, 144 F.3d 1423, 1427 (11th Cir. 1998).

It is a felony to "willfully aid[] or assist[] in . . . the preparation or presentation . . . of a return . . . which is fraudulent or is false as to any material matter." 26 U.S.C. § 7206(2). "In a prosecution under 26 U.S.C.[] § 7206(2), the element of willfulness or intent is usually the most difficult to prove," and will usually be proven through circumstantial evidence, such as repetitive or evasive conduct. United States v. Brown, 548 F.2d 1194, 1199 (5th Cir. 1977).[1]

After reviewing the record, we conclude that there was sufficient evidence to allow the jury to find that there was an agreement between Adewunmi and Okonkwo to conspire to defraud the government, and that Okonkwo had the intent to do so. Okonkwo admitted to being the president of Eagle Financial Services ("EFS") and doing business as Rainbow Tax Service ("RTS"), the businesses that were listed as the tax preparers for all but one of the fraudulent returns.[2] Okonkwo stated that he was the only person to electronically file the 1999 tax returns for his

---

[1] We adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The one return that does not list EFS or RTS as the tax preparer does not contain any information or signature as to the filer or preparer of the return.

business—the year in which the fraudulent returns were filed. Testimony from several of Okonkwo's employees indicated that he was exclusively responsible for printing refund checks. None of the taxpayers received the full amount of the refund paid to them and all but one check had a forged endorsement, and several refund checks were deposited into EFS's bank account. One taxpayer indicated that after she cashed her refund check, Okonkwo convinced her to return all but $1000.00 of it, falsely telling her that she still owed taxes. All of the tax returns—including returns of tax payers who dealt exclusively with Okonkwo—were prepared in such a way as to maximize the earned income tax credit and the resulting refund check by reporting non-existent income from CJB Ice Cream ("CJB"), a company that Adewunmi, and not Okonkwo, was involved with. Last, evidence supports the conclusion that Okonkwo attempted to conceal his conduct—all the taxpayers were paid by Okonkwo and Adewunmi in cash, and, when the IRS came to search the business location, the files for the eleven fraudulent tax returns were not found.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia